IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **RODNEY WHITE,** | ) | **CASE NO. 1:19-CV-00946** |
| | ) | |
| Plaintiff, | ) | **JUDGE WILLIAM C. GRIESBACH** |
| | ) | |
| -vs.- | ) | |
| | ) | |
| **FINCANTIERI BAY SHIPBUILDING** | ) | |
| **COMPANY, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that the exchange of certain sensitive, confidential, proprietary, or internal business or financial information between or among the parties and/or third parties, other than in accordance with this Stipulated Protective Order, may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Stipulated Protective Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of certain materials as identified in this Stipulated Protective Order.

It is therefore ordered that, pursuant to Fed. R. Civ. P. 26(c) and Civ. L. R. 26(e):

**Section 1. Scope of Stipulated Protective Order.** This Stipulated Protective Order governs the use and handling of any and all documents, electronic information in any form (including embedded data and metadata), testimony, discovery responses, and other information, including, but not limited to, all copies, excerpts, and summaries thereof (hereinafter collectively, "the Material"), produced or given by any party or nonparty during the above-

1

captioned matter (hereinafter, "the Litigation"). The Material produced in the Litigation shall be used only for the purpose of prosecuting and/or defending the Litigation, and shall not be used for any other business, competitive, personal, private, public, or other purpose. The Material produced in the Litigation shall not be used in any other claim, litigation, or judicial or non-judicial proceeding without the express written consent of the party producing such Material.

**Section 2. Designation of Confidential Material.** Any party or non-party who submits to the jurisdiction of this Court may designate as "CONFIDENTIAL" any of the Material that it produces in the Litigation which contains confidential and proprietary information, for which a good faith claim of need of protection from disclosure can be made under all applicable law (hereinafter "Confidential Material"). Counsel of record for such designating party shall designate Confidential Material as set forth in this Stipulated Protective Order. A protective order is necessary to restrict the disclosure of these materials because it is the parties' internal policy and practice to maintain the confidentiality of this proprietary information and that confidentiality yields a commercial benefit.

**Section 3. Access to Confidential Material.** Except as otherwise provided, Confidential Material may only be disclosed to the following persons:

(a) Personnel employed by the parties to the Litigation who are directly and actively involved in assisting with the prosecution or defense of the Litigation;

(b) Counsel of record for the parties in the Litigation;

(c) Other counsel for the parties who are directly and actively involved in assisting with the prosecution or defense of the Litigation;

(d) Outside experts or consultants who are not regular employees of a party, but who are retained on behalf of a party by counsel of record in the Litigation to assist in the prosecution or defense of the Litigation;

(e) Outside photocopying, graphic production services or litigation support services employed by counsel of record in the Litigation to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(f) The Court, court reporters, videographers, stenographers, and court personnel;

(g) The direct staff of, and any contract support personnel employed or retained by any of the foregoing persons, provided that such persons are directly and actively involved in assisting with the prosecution or defense of the Litigation.

**Section 4. Designation of Confidential – Attorney's Eyes Only Material.** Any party or non-party who submits to the jurisdiction of this Court may designate as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" any of the Material that it produces in the Litigation which contains confidential and proprietary, nonpublic material that the producing party believes in good faith contains highly sensitive and business or financial information (hereinafter "Confidential – Attorney's Eyes Only Material"). Counsel of record for such designating party shall designate Confidential – Attorney's Eyes Only Material as set forth in this Stipulated Protective Order.

**Section 5. Access to Confidential – Attorney's Eyes Only Material.** Except as otherwise provided, Confidential – Attorney's Eyes Only Material may only be disclosed to the following persons:

(a) The Court and its staff in this case and in any appeal therefrom;

(b) The jury in this case (if this case goes to trial);

(c) Counsel of record for the parties in this case;

(d) Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this Litigation, including outside photocopying, data processing, or graphic production services employed by the attorneys to assist in this litigation;

(e) Up to two in-house counsel or case managers for each party who have primary responsibility for the management of this litigation;

(f) Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel for purposes of this Litigation;

(g) Court reporters retained to transcribe testimony;

(h) Witnesses during their testimony at a deposition, hearing, or trial, so long as such disclosure is limited to documents that: (1) were produced by the party for whom such witness is employed; (2) show on their face that the witness authored or received them; or (3) memorialize that the witness was privy to the document's contents;

(i) Any other person or entity as to whom counsel for the producer or provider of the CONFIDENTIAL – ATTORNEY'S EYES ONLY MATERIAL agree in writing may have access to such information, or whom the Court shall direct to have access to such information.

4

**Section 6. Application of the Stipulated Protective Order to Persons with Access to Confidential Material and Confidential – Attorney's Eyes Only Material.** Each person given access to Confidential Material or Confidential – Attorney's Eyes Only Material shall be advised that such Confidential Material or Confidential – Attorney's Eyes Only Material is being disclosed pursuant to and subject to the terms of this Stipulated Protective Order, and that such Confidential Material and Confidential – Attorney's Eyes Only Material may not be disclosed or used other than as set forth in this Stipulated Protective Order. Before any person described in Sections 3 and 5 of this Stipulated Protective Order is given access to Confidential Material or Confidential – Attorney's Eyes Only Material, that person must be shown a copy of this Stipulated Protective Order and instructed that such person is bound by its provisions. Before any person described in Section 3(d) or Section 5(f), (h), or (i) of this Stipulated Protective Order is given access to Confidential Material or Confidential – Attorney's Eyes Only Material, that person must read and sign the Certification, attached hereto as Exhibit A, thereby expressly agreeing to be bound by the provisions of this Stipulated Protective Order.

**Section 7. Filing Documents Containing Confidential Material.** In the event a party wishes to use any Confidential Material or Confidential – Attorney's Eyes Only Material, or any papers containing or making references to the contents of any Confidential Material or Confidential – Attorney's Eyes Only Material, in any pleading or other document filed with the Court in the Litigation, that party shall request leave of the Court to file the portion of such pleading or other document containing Confidential Material or Confidential – Attorney's Eyes Only Material under seal upon a showing of good cause. When practicable, the filing party shall file a redacted version of the pleading or other document containing Confidential Material or Confidential – Attorney's Eyes Only Material for the public record, redacting any portions

thereof sought to be filed under seal. Any portion of a pleading or other document sought to be filed under seal shall plainly state on the first page "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY MATERIAL."

If the Court, for good cause shown, grants leave to file a portion of any pleading or other document under seal, such portion shall be filed and maintained under seal. If the Court denies leave to file under seal a portion of any pleading or other document containing any Confidential Material or Confidential – Attorney's Eyes Only Material, the party filing such pleading or other document shall file the document electronically, in accordance with the applicable local rules, but not before conferring with counsel for the other parties to this Litigation.

**Section 8. Production of Documents Containing Confidential Material or Confidential – Attorney's Eyes Only Material.** In the event a party intends to produce any Confidential Material or Confidential – Attorney's Eyes Only Material to any person as set forth in this Stipulated Protective Order, such party shall make such production as follows:

(a) In the case of responding to written discovery requests, the party shall endorse each page containing any Confidential Material with the following: "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" and each page containing any Confidential – Attorney's Eyes Only Material with the following: "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION."

(b) In the case of producing electronically stored information in a form (including embedded data and metadata), the party shall designate such electronically stored information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in a cover letter accompanying the production of

6

such electronically stored information. Where feasible, counsel of record for the party shall endorse the disk, tape or other electronic media on which such electronically stored information is produced with the following: "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION." If the party has reduced such electronically stored information to hard copy form, the party shall endorse each page of such electronically stored information with the following: "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION." Whenever any party copies such electronically stored information, the party shall ensure that each such copy contains the endorsement "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION."

(c) In the case of depositions or other pretrial testimony, the party shall designate such testimony as "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION" by (i) a statement of counsel on the record at the time of such testimony, or (ii) a written notice to all counsel of record sent within fifteen business days after the receipt of the transcript of such deposition or other pretrial testimony. All transcripts of depositions or other pretrial testimony shall be designated as "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" and subject to the

provisions of this Stipulated Protective Order until fifteen business days after the receipt of the transcript of such deposition or other pretrial testimony, at which point, the transcript shall be designated as "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION" only as set forth in the statement or notice of counsel. All videotapes of depositions and other pretrial testimony shall be endorsed with the following: "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION" subject to the same provisions as written transcripts of depositions and other pretrial testimony.

(d) In the event a person described in Section 3 or Section 5 of this Stipulated Protective Order creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases, or programs that contain any Confidential Material or Confidential – Attorney's Eyes Only Material, such person shall take all necessary steps to ensure that access to any such Confidential Material or Confidential – Attorney's Eyes Only Material is restricted to those persons who are permitted to access such Confidential Material or Confidential – Attorney's Eyes Only Material as set forth in this Stipulated Protective Order.

The inadvertent failure to endorse any Material as "CONFIDENTIAL – WHITE/FINCANTIERI LITIGATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – WHITE/FINCANTIERI LITIGATION" shall

not be deemed a waiver of confidentiality, privilege, or other protection. The party producing such Material shall give written notice to the party receiving such Material promptly after the omission is discovered. Upon receipt of such notice, the party receiving such Material shall thereafter treat the Material as any other Confidential Material or Confidential – Attorney's Eyes Only Material, as set forth in this Stipulated Protective Order.

**Section 9. Use of Confidential – Attorney's Eyes Only Material at Depositions.** Counsel for any party wishing to use Confidential – Attorney's Eyes Only Material to examine fact witnesses who are not currently employed by the party producing such Confidential – Attorney's Eyes Only Material, who were not employed by the party producing such Confidential – Attorney's Eyes Only Material at the time such Confidential – Attorney's Eyes Only Material was created, or who did not create or receive such Confidential – Attorney's Eyes Only Material, shall deliver a copy of such Confidential – Attorney's Eyes Only Material to counsel of record for the party producing such Confidential – Attorney's Eyes Only Material at least two business days, and at least 48 hours before the start of the deposition. If the party producing such Confidential – Attorney's Eyes Only Material objects to its use at the deposition, such Confidential – Attorney's Eyes Only Material may not be introduced, nor its contents disclosed, at the deposition without leave of Court.

**Section 10. Use of Confidential Material or Confidential – Attorney's Eyes Only Material at a Trial or Hearing.** The Court shall determine the process by which Confidential Material or Confidential – Attorney's Eyes Only Material may be used at trial or any other hearing at a later date, in consultation with the parties.

**Section 11. Previously Obtained Material.** Nothing in this Stipulated Protective Order shall preclude any person described in Sections 3 or Section 5 of this Stipulated Protective Order

9

from showing Confidential Material or Confidential – Attorney's Eyes Only Material to the person who prepared, authored, received or reviewed such Confidential Material or Confidential – Attorney's Eyes Only Material prior to the filing of the Litigation.

**Section 12.  No Waiver of Privilege or Other Protection.**  If a party inadvertently produces any Material that qualifies for protection as confidential attorney-client communications, protected attorney work product or other privilege or immunity, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim for such protection to which the party inadvertently producing such Material is entitled.  If a party inadvertently produces any such Material, the party receiving such Material shall promptly return such Material, or promptly destroy such Material, as the party inadvertently producing such Material requests, and such Material shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the inadvertently producing party.

**Section 13.  Production of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Material Prior to Entry of Order.**  Any party may produce Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" prior to the Court's approval and entry of this Stipulated Protective Order.  The production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" prior to the Court's approval and entry of this Stipulated Protective Order shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim for any privilege or protection to which the party producing such Material is entitled.  The terms of this Stipulated Protective Order, once approved and entered by the Court, shall apply retroactively to any Material produced prior to the approval and entry of this Stipulated Protective Order.

**Section 14. Removal of "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Designation.** Any party may object to the designation of any Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by giving written notice of such objection to the party designating such Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such notice shall specifically identify the objectionable Material and state the reasons for questioning the designation of such Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Within five (5) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve any dispute. If such conference does not resolve the objection, the objecting party may apply to the Court within seven (7) days of such conference for a ruling that the Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is not properly designated. Failure of the objecting party to apply for a ruling within seven (7) days of such conference will constitute a waiver of the objection unless this time is extended by mutual consent of the parties. If the objecting party so applies to the Court, the person producing such Material shall bear the burden to establish its proper designation. The parties shall treat such Material as originally designated, until the Court rules on the objecting party's application.

**Section 15. Modification of Stipulated Protective Order.** The parties may modify this Stipulated Protective Order only by further stipulation, which stipulation is subject to the approval of the Court. The parties shall confer in good faith in an effort to resolve any dispute that may arise regarding modification of this Stipulated Protective Order. If the parties are unable resolve the dispute, any party may apply to the Court requesting modification of this Stipulated Protective Order.

11

**Section 16. Copy of Stipulated Protective Order Enclosed with Subpoenas.** Upon the Court's entry of this Stipulated Protective Order, any party issuing a subpoena shall enclose a copy of this Stipulated Protective Order with the subpoena.

**Section 17. Third-Party Requests for Confidential Material.** If any person receiving any Material covered under the terms of this Stipulated Protective Order is subpoenaed in another action, is served with written discovery in another action, or is otherwise requested to provide any Material covered under the terms of this Stipulated Protective Order, and such Material is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the terms of this Stipulated Protective Order, such person shall give written notice immediately to counsel of record for the party designating such Confidential Material. The person shall further, to the extent permitted by law, withhold production of any Confidential Material until any dispute regarding the production of such Confidential Material is resolved.

**Section 18. Continuing Jurisdiction of the Court.** This Stipulated Protective Order shall survive the termination of the Litigation. The Court expressly retains jurisdiction over the Litigation for the purpose of enforcing this Stipulated Protective Order following the termination of the Litigation.

**Section 19. Return or Destruction of Confidential Material.** Within sixty days of the termination of the Litigation, including any appeals, any Confidential Material and all copies thereof shall be returned to the party that produced such Confidential Material, or shall be destroyed, as the party producing such Confidential Material requests. If a party requests that such Confidential Material be destroyed, the party destroying such Confidential Material shall certify in writing that such Confidential Material was destroyed as requested.

Section 20. **Parties May Use Their Own Confidential Material.** Nothing contained in this Stipulated Protective Order shall affect a party's use or disclosure of Material that the party itself produced.

Section 21. **Sanctions for Violation of Stipulated Protective Order.** The Court shall have the discretion to impose sanctions, including, but not limited to, monetary sanctions and reasonable attorney's fees, for violations of the provisions of this Stipulated Protective Order.

**IT IS SO ORDERED.**

s/William C. Griesbach<br>**JUDGE WILLIAM C. GRIESBACH**<br>**United States District Judge**

**APPROVED:**

/s/ Larry J. Britton              .
**LARRTY J. BRITTON**
*Attorney for the Plaintiff*

/s/ John A. O'Donnell              .
**JOHN A. O'DONNELL**
**STEVEN B. BELGRADE**
**ADAM H. MCCABE**
**ERIC J. PLESS**
*Attorney for the Defendants*
*Fincantieri Bay Shipbuilding and*
*Fincantieri Marine Group, LLC*

/s/ Markus E. Apelis              .
**PAUL D. GALEA**
**MARKUS E. APELIS**
*Attorney for the Defendants*
*Keystone Shipping Co. and*
*Chas. Kurz & Co., Inc.*

/s/ Eric Van Schyndle              .
**ERIC VAN SCHYNDLE**
**EMILY LOGAN STEDDMAN**
*Attorneys for the Defendant*
*Wawa, Inc.*

**(Stipulated Protective Order - Certification)**
**(Exhibit A)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **RODNEY WHITE,** | ) | **CASE NO. 1:19-CV-00946** |
| | ) | |
| Plaintiff, | ) | **JUDGE WILLIAM C. GRIESBACH** |
| | ) | |
| -vs.- | ) | |
| | ) | |
| **FINCANTIERI BAY SHIPBUILDING COMPANY, INC., et al.,** | ) ) | |
| | ) | |
| Defendants. | ) ) | |

I hereby certify my understanding that Confidential Material or Confidential – Attorney's Eyes Only Material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered in this action by the United States District Court for the Eastern District of Wisconsin on February ___, 2020.  I have read and understand the terms of the Stipulated Protective Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for the purposes of enforcement of the Stipulated Protective Order.

_____
**Name:**
**Date:**