UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY WHITE,

        Plaintiff,

        v.                                                Case No. 19-C-946

FINCANTIERI BAY SHIPBUILDING COMPANY INC.
and FINCANTIERI MARINE GROUP LLC,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST

      Plaintiff Rodney White brought this action against Defendants Fincantieri Bay Shipbuilding Company Inc. and Fincantieri Marine Group LLC (collectively, Fincantieri) under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b). White sustained injuries to his head, back, and neck during maneuvers conducted as part of the sea trials the M/V Millville, Fincantieri's newly constructed towing vessel, was undergoing on Lake Michigan. White was on board to monitor the performance of the steering system manufactured by his employer Engine Motor, Inc. After a four-day trial, the jury returned a verdict in favor of White and awarded damages totaling $850,000. The damages were broken down as follows: $45,000 for past pain and suffering; $125,000 for future pain and suffering; $210,000 for past medical expenses; $20,000 for future medical expenses; $200,000 for lost wages; and $250,000 for loss of earning capacity. The jury assessed White's comparative fault at 30%, resulting in an award of $595,000 in recoverable damages. The case is before the Court on White's motion for prejudgment interest on the $318,500 he was awarded for past pain and suffering, past medical expenses, and past wages. White asserts that prejudgment interest should be computed at the prime

rate and compounded annually for a total of $59,422.00. Fincantieri does not dispute the rate of interest White seeks; instead, Fincantieri contends that prejudgment interest should be denied because exceptional circumstances exist that make an award of prejudgment interest inappropriate.

A plaintiff is presumptively entitled to prejudgment interest in claims arising under federal law. *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 696 (7th Cir. 1991); *Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson Co.*, 896 F.2d 228, 236–37 (7th Cir. 1990)). This general rule applies to cases arising under federal maritime jurisdiction. *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194 (1995). The underlying rationale for the rule awarding prejudgment interest is "to ensure that an injured party is fully compensated for its loss." *Id.* at 195. "By compensating for the loss of use of money due as damages from the time the claim accrues until judgment is entered, . . . an award of prejudgment interest helps achieve the goal of restoring a party to the condition it enjoyed before the injury occurred." *Id.* at 196 (internal quotation marks and citations omitted); *see also Rivera*, 921 F.2d at 696 ("The growing recognition of the time value of money has led this court to rule that 'prejudgment interest should be presumptively available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay.'" (quoting *Gorenstein Enters., Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir.1989)).

Notwithstanding the general rule, prejudgment interest is not appropriate in all admiralty cases. *Nat'l Gypsum*, 515 U.S. at 196 ("Despite admiralty's traditional hospitality to prejudgment interest, however, such an award has never been automatic."). "Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or a jury." *Id.* In *National Gypsum*, the Court rejected the argument that a good faith dispute over liability or the amount of

damages could justify a denial of prejudgment interest. *Id.* at 198 ("In sum, the existence of a legitimate difference of opinion on the issue of liability is merely a characteristic of most ordinary lawsuits. It is not an extraordinary circumstance that can justify denying prejudgment interest."). The Court also rejected the argument that mutual fault could justify denial of interest. *Id.* ("[I]t might appear somewhat inequitable to award a large sum in prejudgment interest against a relatively innocent party. But any unfairness is illusory, because the relative fault of the parties has already been taken into consideration in calculating the amount of the loss for which the City is responsible."). Without attempting to catalogue all of the circumstances that could justify the denial of interest, the Court noted that "the most obvious example is the plaintiff's responsibility for undue delay in prosecuting the lawsuit." *Id.* at 196 (internal quotation marks omitted). Other courts have recognized the assertion of frivolous claims and the inability to determine the extent of damages eligible for prejudgment interest as reasons for denial. *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 31 F.3d 581, 583 (7th Cir. 1994). "For prejudgment interest to be proper there must be some way for the court to determine the correct amount to award." *Reichert v. Chem. Carriers, Inc.*, 794 F.2d 1557, 1559 (11th Cir. 1986).

Fincantieri offers several reasons why it contends White's request should be denied. First, Fincantieri asserts that White unreasonably delayed prosecution of the matter by initiating the lawsuit 18 months after the incident and that the COVID-19 pandemic caused additional delays and disruptions. But the timing of White's filing, which was well within the applicable statute of limitations period, does not constitute unreasonable delay. In addition, the COVID-19 pandemic and routine extensions of time requested in this case did not create an excessive or unreasonable delay. Whatever delay occurred is not the fault of either party.

3

Fincantieri also asserts that an award of prejudgment interest is improper because the jury's award for past medical care was likely impacted by the remarks of plaintiff's counsel during his closing argument. It takes issue with counsel's statement about the amounts White owed to his past medical providers and argues that it violated the collateral source rule. But counsel's statement is not relevant to the issue of whether an award of prejudgment interest is appropriate in this case.

Fincantieri also notes that *National Gypsum* was a collision case and argues that awarding prejudgment interest in personal injury cases is often inappropriate because damages in such cases are less definable and special circumstances often surround the imposition (or lack thereof) of prejudgment interest . . . ." Defs.' Mem. in Opp., Dkt. No. 147, at 2. Prejudgment interest in such a case is especially inappropriate, Fincantieri argues, where the plaintiff failed to seek a jury determination of the issue and waited until after the verdict to raise it with the court. Fincantieri further contends that an award of prejudgment interest is inappropriate in this case at least for the jury's award of medical expenses and past wage loss in view of the fact that White's medical bills and at least a portion of his wage loss were paid by his employer's workers' compensation carrier. *Id.* at 5–7. To award prejudgment interest on amounts that were previously paid by collateral sources, Fincantieri argues, would effectively result in a windfall for White and punishment for Fincantieri.

The mere fact that this was a case for personal injuries is not a reason to deny prejudgment interest. The rule allowing interest applies in cases seeking damages for personal injuries as well as those that seek damages for loss of property. *See, e.g.*, *Hillier v. Southern Towing Co.*, 740 F.2d 583, 585 (7th Cir. 1984), *cert. denied*, 469 U.S. 1190 (1985) (reversing district court's denial of prejudgment interest for damages in wrongful death admiralty case). In light of the purpose of the

4

rule allowing prejudgment interest, however, the Court concludes that it would not be appropriate to award interest on the entire amount of prejudgment damages from the time of the accident where, as here, the losses for which the jury assessed damages occurred over a period of several years, as opposed to a specific point in time. White was injured when the accident occurred on November 10, 2017, and that is the date from which he contends interest should be assessed. But his medical expenses were incurred and his loss of income accrued incrementally over the four years between that date and the trial.

In this respect, this case is not like *National Gypsum* where the sole loss consisted of property damage resulting from the vessel's sinking when it collided with a dock. 515 U.S. at 190. There, the Court held, consistent with long-standing precedent, that in order to fully compensate the vessel owner for its loss, interest should be awarded from the date of collision, when the full loss accrued, until judgment. *Id.* at 195–96. Here, by contrast, though White sustained injury on November 10, 2017, the bulk of his medical expenses did not arise until he underwent surgery more than a year later. And while he sustained some loss of income immediately, the full amount of his past wage loss for which the jury awarded damages was not arrived at until trial. The same is true of the jury's award for past pain and suffering. White testified that the pain he experienced as a result of the accident did not stop at or around the time of the accident. He testified at trial that he was still experiencing pain, and the award of $125,000 for future pain and suffering reflects the jury's finding that it was likely to continue. Awarding interest on damage awards from the time of the accident for losses realized long after the accident is inconsistent with the rule allowing such interest only if needed for full compensation and not as punishment. *Id.* at 197 (noting "prejudgment interest is not awarded as a penalty; it is merely an element of just compensation").

A further inconsistency exists when prejudgment interest is sought for non-economic damages such as pain and suffering. As the Third Circuit has observed,

> Not all portions of a verdict are economic in character, and only the sum that represents past economic loss is properly adjusted to present value through an interest calculation. Non-economic awards, such as pain and suffering o[r] punitive damages, do not compensate for market-induced harms, so they do not require the adjustment for the time the successful plaintiff's money was out of the market which prejudgment interest provides.

*Poleto v. Consol. Rail Corp.*, 826 F.2d 1270, 1278 n.14 (3d Cir. 1987). The jury in this case awarded White damages for his past pain and suffering in current dollars. Adding interest to this portion of the jury's award risks double recovery and is inherently speculative. *See Greater Westchester Homeowners Assn. v. City of Los Angeles*, 603 P.2d 1329, 1338, 160 Cal. Rptr. 733, 741, 26 Cal. 3d 86, 103 (1979) (noting that "damages for the intangible, noneconomic aspects of mental and emotional injury are . . . inherently nonpecuniary, unliquidated and not readily subject to precise calculation. The amount of such damages is necessarily left to the subjective discretion of the trier of fact. Retroactive interest on such damages adds uncertain conjecture to speculation. Moreover where, as here, the injury was of a continuing nature, it is particularly difficult to determine when any particular increment of intangible loss arose.").

Finally, the fact that at least a portion of the losses for which the jury awarded damages was covered by payments White received from his employer or through worker's compensation also renders an award of prejudgment interest on the entire amount inappropriate. White does not deny that his medical bills and at least a portion of his wage loss was paid by his employer's workers' compensation carrier. He argues, however, that awarding prejudgment interest on such amounts would not result in a windfall to him because he is required to reimburse the carrier for the benefits he received, possibly including interest. Pl.'s Reply, Dkt. No. 149, at 4. In support of his argument that he might be required to pay interest on the amount of any benefits he received

from his employer's workers compensation carrier under the LHWCA, White cites *McDill v. VSSI Tokyo Inc.*, 920 F. Supp. 727, 731 (S.D. Tex. 1996), which held that an intervening workers' compensation carrier was entitled to prejudgment interest on the portion of the medical bills it paid. No workers' compensation carrier intervened in this case, however, nor has White explained how he could be personally liable for interest on payments made by the insurer to which he was fully entitled at the time they were paid.

These considerations lead this Court to conclude that White's request for prejudgment interest should be denied. In reaching this conclusion, the Court recognizes that in *Hillier* the Seventh Circuit held that the district court abused its discretion in denying the plaintiff's request for an award of prejudgment interest on an award of damages for the conscious pain and suffering of the decedent and loss of society of his surviving spouse. 740 F.2d at 586. But *Hillier* was a case for the wrongful death of the plaintiff's spouse and the loss thus more immediate. More importantly, in ruling that the district court had abused its discretion in denying prejudgment interest, *Hillier* did not hold that prejudgment interest must always be awarded in such cases; instead, the court held only that prejudgment interest is not precluded on an award for pain and suffering:

> We cannot conclude that the law precludes an award of prejudgment interest on intangible damages. We do not find that a court might properly conclude that an award of prejudgment interest is inappropriate under certain circumstances for only intangible damages; we merely conclude that the law does not preclude such an award. The district court erred in concluding that the law did not allow such an award.

*Id.* Because it concluded the district court had erred in concluding that prejudgment interest was not allowed for damages such as past pain and suffering and loss of society, the court remanded the case to the district court directing it to "consider if there are any peculiar circumstances precluding awards of prejudgment interest on those two aspects of the damages." Whether the

7

district court awarded prejudgment interest on the damage award at issue on remand is not the subject of a published decision.

In any event, while the Court recognizes that prejudgment interest may as a matter of law be awarded on all of the past damages the jury awarded, including pain and suffering, it concludes that such an award would not be appropriate under the circumstances of this case because the Court is unable to determine from the record before it the extent of damages eligible for an award of prejudgment interest. *Nat'l Gypsum*, 31 F.3d at 583; *Reichert*, 794 F.2d at 1559. The Court's inability to determine the extent of damages eligible for an award of prejudgment interest flows from the fact that the damages awarded by the jury stemmed from losses that did not occur at the time of the accident but incrementally from that date through the time of the trial. To award prejudgment interest for the entire amount awarded by the jury for past pain and suffering, wage loss, and medical bills from the time of the accident through the date of the verdict would necessarily result in payments of interest for both economic and noneconomic losses before they were even realized.

In sum, an award of prejudgment interest on the jury's award for past damages from November 10, 2017, to the date of the verdict is inappropriate in this case because it would serve as a windfall to White and punishment to Fincantieri. And because White has offered no basis for properly determining the amount of interest that would be appropriate, his request must be denied. Accordingly, White's motion for prejudgment interest (Dkt. No. 146) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of February, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge